Case 2:17-cv-00121   Document 26   Filed on 07/18/17 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 18, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-121 |
| | § | |
| JANE DOE, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER DENYING WITHOUT PREJUDICE
# PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice. Proceeding *pro se*, he filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending is his motion for appointment of counsel. (D.E. 6). No constitutional right to appointment of counsel exists in civil rights cases. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "exceptional circumstances" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3)

> whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)); *accord Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). Upon careful consideration of the factors set forth in *Jackson*, the Court finds that appointment of counsel is not warranted at this time. Regarding the first factor, Plaintiff's civil rights claims do not present any complexities that are unusual in prisoner actions. The second and third factors are whether the Plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated that he is able to communicate adequately and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

However, as the undersigned explained to Plaintiff at the *Spears*[1] hearing on June 29, 2017, the Court will appoint counsel if the case proceeds to trial or at any time if the undersigned determines that appointing counsel is appropriate under the circumstances.

For the foregoing reasons, Plaintiff's motion for appointed counsel, (D.E. 6), is **DENIED without prejudice.**

ORDERED this 18th day of July, 2017.

                                              Jason B. Libby
                                     United States Magistrate Judge

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996)(stating that testimony given at a *Spears* hearing is incorporated into the pleadings).