Case 2:17-cv-00121   Document 60   Filed on 01/25/18 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EDWARD MOORE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-121 |
| § | |
| JANE DOE, *et al*, § | |
| § | |
| Defendants. § | |

# MEMORANDUM AND RECOMMENDATION
# TO DENY MOTION TO DISMISS

Plaintiff Edward Moore is a Texas inmate appearing *pro se* and *in forma pauperis*. In this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, Plaintiff raises Eighth Amendment claims of deliberate indifference to his serious medical needs, excessive force, and failure to protect. Pending before the Court is Defendant G. Samuel's Motion to Dismiss Plaintiff's Amended Complaint. (D.E. 38). For the reasons stated herein, it is respectfully recommended that the Court deny Defendant Samuel's motion.

## I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently serving two five-year sentences for burglary convictions entered on February 25, 2015 in El Paso County, Texas. Plaintiff is currently assigned to the Allred Unit in Iowa Park, Texas. However, the facts giving rise to Plaintiff's claims in this lawsuit occurred while Plaintiff was assigned to the McConnell Unit in Beeville, Texas.

In this action, Plaintiff asserts Eighth Amendment claims of deliberate indifference to his serious medical needs, excessive force, and failure to protect. Plaintiff named the following defendants in his original complaint: (1) Officer Jane Doe; (2) Sgt. Juan Trevino, Correctional Officer; (3) Registered Nurse (RN) Samuel; (4) John Doe, a University of Texas Medical Branch (UTMB) Representative; and (5) John Doe, a Texas Tech Representative. Plaintiff seeks monetary relief in this action.

A *Spears*[1] hearing was conducted on June 29, 2017, during which Plaintiff raised an additional claim not set forth in his original complaint. Plaintiff testified that Captain Sophia Perales failed to intervene to stop the excessive use of force by another officer. Plaintiff did not name Captain Perales in his original complaint. The undersigned initially granted Plaintiff leave to amend to add Captain Perales as a defendant and any other prison officials who may have been personally involved in the alleged use of excessive force. The undersigned later clarified these instructions by directing Plaintiff

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

to file a supplemental complaint adding Captain Perales as well as related allegations and claims not raised in the original complaint.

On August 14, 2017, Plaintiff filed a pleading entitled "Amend Complaint," in which he named the following defendants in their individual and official capacities: (1) RN Samuel; (2) Sgt. Trevino; (3) Officer Jane Doe; (4) Captain Perales; (5) John Doe UTMB Representative; and (6) John Doe Texas Tech Representative. (D.E. 29, pp. 1-2).

On September 14, 2017, the undersigned issued a Memorandum and Recommendation (September 14, 2017 M&R), recommending that Plaintiff's: (1) deliberate indifference claims against RN Samuel, John Doe UTMB Representative, and John Doe Texas Tech Representative in their individual capacities be retained; (2) excessive force claim against Sgt. Trevino in his individual capacity be retained; (3) failure-to-protect claims against Officer Jane Doe and Captain Perales in their individual capacities be retained; and (4) claims for money damages against all Defendants in their official capacities be dismissed as barred by the Eleventh Amendment. (D.E. 30). The undersigned ordered service on RN Samuel, John Doe UTMB Representative, John Doe Texas Tech Representative, Sgt. Juan Trevino, Officer Jane Doe, and Captain Perales. (D.E. 31).

On September 28, 2017, the Office of the Attorney General (OAG) filed an *amicus curiae* objection to the September 14, 2017 M&R, contending that John Doe Texas Tech Representative is not a proper defendant in this lawsuit. (D.E. 32). Plaintiff agreed with the OAG's objection and did not raise any independent objections. (D.E. 33, 34). In sustaining the OAG's objection, District Judge Hilda Tagle declined to adopt the

September 14, 2017 M&R only as to Plaintiff's claim against John Doe Texas Tech Representative and adopted the M&R in all other respects. (D.E. 56).

On October 30, 2017, pursuant to Federal Rule of Civil Procedure 12(b)(6), RN Samuel filed a Motion to Dismiss Plaintiff's Amended Complaint. (D.E. 38). Plaintiff subsequently filed his response to the motion to dismiss. (D.E. 42).

### III.   PLAINTIFF'S ALLEGATIONS

The following representations relevant to Plaintiff's deliberate indifference claims were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1) and supplemental pleading (D.E. 29): At the time of the *Spears* hearing, Plaintiff was twenty-nine years old, weighed 217 pounds, and stood five feet eight inches tall. Plaintiff suffers from high cholesterol. On May 25, 2016, from 6:00 p.m. to 8:00 p.m. in his dormitory area, Plaintiff experienced symptoms that included a rapid heart rate, profuse sweating, dizziness, and a high temperature. There is no air conditioning in the McConnell Unit's dormitory areas. At that time, Plaintiff was taking medication for his bipolar disorder.

Based on his belief he was suffering from heat exhaustion, Plaintiff obtained a pass to visit the McConnell Unit's medical department. When he arrived at medical, RN Samuel is alleged to have denied Plaintiff medical attention, telling Plaintiff that he was faking it in order to be in an air-conditioned environment. RN Samuel then instructed Plaintiff to return to his cell. On his way back to housing, Plaintiff encountered Captain Perales, Sgt. Trevino, and another officer and informed them he was denied medical care. Plaintiff was advised to return to his cell. Plaintiff passed out as soon as he reached his cell. An officer then reported Plaintiff's situation as a medical emergency.

After being allegedly assaulted by Sgt. Trevino later that day while shackled and strapped to a gurney, Plaintiff was not taken back to medical for treatment despite suffering multiple injuries as a result of the assault. Plaintiff alleges his subsequent I-60 requests for medical treatment for his injuries and to alleviate his pain went unanswered for two months. Plaintiff did not know who was responsible for denying his requests for medical treatment.

## IV.    LEGAL STANDARD

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the

motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## V.   DISCUSSION

In his motion to dismiss, RN Samuel contends that this Court should only consider Plaintiff's supplemental pleading docketed on August 14, 2017 as an amended complaint because it "does not refer to, adopt, or incorporate his original Complaint." (D.E. 38, p. 1). RN Samuel further contends that this amended complaint lacks sufficient facts against him to state an Eighth Amendment claim for deliberate indifference to his medical needs. (D.E. 38, pp. 1-3). Plaintiff counters that his allegations are not conclusory and that he suffered injury due to RN Samuel's "actions and inactions." (D.E. 42, p. 2).

The Fifth Circuit Court of Appeals holds that "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Nevertheless, courts must liberally construe pleadings filed *pro se* and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In addition, "[p]leadings must be construed as to do justice." Fed. R. Civ. P. 8(e).

RN Samuel essentially asks this Court only to consider Plaintiff's allegations in his bare bones amended complaint and ignore his more substantial allegations presented in both his Original Complaint and at the *Spears* hearing. During the *Spears* hearing conducted on June 29, 2017, however, the undersigned clearly instructed Plaintiff to file a

supplemental complaint which would consist of naming Captain Perales as well as adding other related allegations and claims. Plaintiff then filed a pleading entitled "Amend Complaint," which added Captain Perales and included brief allegations against all the named defendants. (D.E. 29).

While using the term "amended complaint" when referring to Plaintiff's supplemental pleading in the September 14, 2017 M&R, the undersigned effectively treated the pleading as presenting supplemental allegations when initially screening Plaintiff's claims. The fact that Plaintiff styled his pleading as an amended complaint and not a supplemental complaint is a technicality which should not operate to render allegations offered in his original complaint or at the *Spears* hearing of no legal effect. *See Roberts v. City of Houston*, No. H-14-0903, 2016 WL 1271507, at *2 (S.D. Tex. Mar. 30, 2016). *See also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Thus, Plaintiff's pleading submitted in response to the undersigned's instructions at the *Spears* hearing is properly construed as a supplemental complaint which augments, rather than supersedes, his original complaint. The undersigned recommended in the September 14, 2017 M&R that Plaintiff's deliberate indifference claim against RN Samuel be retained based on his allegations presented in his pleadings and at the *Spears* hearing. (D.E. 30, pp. 3-5, 7-8). Both the legal principles cited and the undersigned's analysis of this claim in the September 14, 2017 M&R, which was adopted by District Judge Tagle, are incorporated by reference herein. Plaintiff's allegations as to RN

Samuel's conduct, accepted as true for purposes of the motion to dismiss, are sufficient to state a plausible deliberate indifference claim against him.

## VI. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that RN Samuel's Motion to Dismiss Amended Complaint (D.E. 38) be **DENIED**.

Respectfully submitted this 25th day of January, 2018.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).