UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-121 |
| | § | |
| GABRIELLE GUZMAN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Edward Moore filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 on March 30, 2017, raising claims of deliberate indifference to his serious medical needs, excessive force, and failure to protect. Plaintiff's excessive force claims against Defendants Guzman, Alvarez and Trevino have survived screening and a motion for summary judgment. (D.E. 126, D.E. 142, and D.E. 143). However, Plaintiff has failed to pursue this action by not responding to Court orders and by failing to update his current contact information after he was released from custody. (D.E. 136 to D.E. 138; D.E. 141 and D.E. 146).

Beginning in November 2018, mail sent to Plaintiff has repeatedly been returned as undeliverable. Therefore, on May 13, 2019, the undersigned ordered Plaintiff to update his contact information. (D.E. 141). After Plaintiff failed to update his contact information, a telephonic hearing was held on September 24, 2019, at which Plaintiff failed to appear. Therefore, the undersigned ordered the Office of the Attorney General

to make attempt to locate Plaintiff's current address and to file an advisory with the Court. On September 27, 2019, the advisory was filed, indicating the Texas Department of Criminal Justice does not have any information on Plaintiff's current address because Plaintiff discharged his sentence on November 10, 2018 and is no longer on parole or under any TDCJ supervisory custody. (D.E. 147).

Plaintiff has failed to comply with the undersigned's order to update his current contact information. Further, while he actively participated in this litigation while he was incarcerated, his last contact with this Court was on December 6, 2018. (D.E. 140). Therefore, it is respectfully recommended that Plaintiff's case be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

ORDERED this 1st day of October, 2019.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).